On this point the
Chief Justice
dissents from a majority of the court.
But although the appellants cannot complain of this decree, the appellee might justly do so; and as the decree must be reversed, we are bound to notice that part which may operate against him. By the laws of this state, debts are directed to be satisfied, first out of the chatels, next of the slaves, and finally by the lands of the debtor. The same order ought to be observed, when that estate is found in the hands of a fraudulent grantee, and this, by the by, is a reason why the decree of the court below, was not erroneous, as against the interest of the appellants. But the creditor is not only entitled to the chattels and proceeds, but if they cannot be bad, then the slaves, and if they cannot be had, finally the lands. A decree against these fraudulent grantees personally, may be defeated by their insolvency; and there may be chattels and slaves still remaining, which in that event, he ought to reach; and if both these resources fail, then the land must be taken. It will therefore, be proper in the chancellor to set aside the fraudulent sales and deeds, in toto, and he may direct an account to be taken of the money received by the sons, for any of the estate and slaves sold; also, of the remaining chattels or slaves if any, which by his order, he may cause to be delivered to the commissioner, and by the *590 same means he may ascertain the solvency of the defendants, the grantees in the fraudulent deeds, against whom the complainant is entitled to a decree, by the proof already in the cause but which, as it may be ineffectual, he ought not to be compelled to take without his consent in discharge of further claim. If all these resourses prove insufficient, then the land must be sold to satisfy the amount of the decree.
Father conveyed his land to one son to defraud his creditors; afterwards an adversary claimant recovered in ejectment, and to be released from the large balance against him on the account under the occupant laws, conveyed the land, at the father’s instance, to another son:--held the land—both titles, is subject to the creditors of the father.
If the land had never been the property of the father—See Crozier’s case 3 Monroe, 157.
*590 As to the sale of the land, there is only one objection worthy of notice. After the conveyance of it to the son. the father who continued to reside on it, was sued in ejectment by a paramount claimant, and on a judgment being obtained, he claimed improvements, which eventuated in such a heavy sum, against the successful claimant, that to get clear of it, he agreed to release his title to the family. Here the cover from creditors was still to be preserved. If it was conveyed to the father, the creditors could reach it. The deed was therefore first filled up to the son, who was the. fraudulent grantee of the father’s first title. This was again changed, probably because that son might not be, at that time, so safe a depository of the title, because of his own debts, and the name of that son was erased from the deed, and the name of the other inserted, who by this time, had become the most safe holder of some of the slaves and other estate, which, during the whole time, the father enjoyed, and still enjoys the estate. Under such circumstances, we have no hesitation in saying that the last title is procured by the means of the father, and is held in trust for him, and is fraudulent, and that equity will not discriminate between the titles, and expose one and leave he other. Its decrees will be directed against the land, taking with it all titles held for the benefit of the father, and the pure title bring mixed with the impute, must share the same fate, and ought also, to be set aside.
If the land had never before been possessed by the father, and conveyed fraudulently by him and be then had become for the first time, the purchaser thereof, with his money, and had directed it to be *591 conveyed to one of his children, as it would, in that event, never have been subject to his debts, there would have been some ground for contending that it could not now be subjected. But the improvements, the consideration last paid for it, were his, and first fraudulently conveyed by him, to avoid his debts. When he acquired the second title, by his instrumentality it was fraudulently conveyed for the same purpose, and this latter act may be said to be only the completion of the fraud before attempted, and is contaminated by the first, and must share the same fate. Otherwise the most valuable and substantial part of the real estate once liable, must be screened from liability, by this mere shell of a newly acquired title.
Decree and mandate.
Points of concurrence and disagreement stated.
The decree must be reversed with costs, and the cause be remanded for such proceedings, and decree, as may accord with this opinion.